UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TROY GLOSTON-PHELPS, ) <br> MICHAEL WARRENS and ) <br> ALFRED WILLIAMS ) | CIVIL ACTION NO.: |
| ) | |
| **Plaintiffs** ) | |
| ) | JUDGE: |
| v. ) | |
| ) | |
| CRAIG WEBRE, INDIVIDUALLY AND ) <br> IN HIS CAPACTIY AS SHERIFF AND ) <br> EX-OFFICIO TAX COLLECTOR FOR ) <br> THE PARISH OF LAFOURCHE ) | MAGISTRATE: |
| ) | |
| **Defendants** ) | |

## COLLECTIVE ACTION COMPLAINT AND REQUEST FOR JURY TRIAL

NOW INTO COURT, through undersigned counsel, come Plaintiffs, **Troy Gloston-Phelps, Michael Warrens and Alfred Williams**, persons of the age of majority, who respectfully represents that:

1.

**Craig Webre, individually and in his capacity as Sheriff and Ex-Officio Tax Collector for the Parish of LaFourche** in LaFourche Parish, is made Defendant herein, and is justly and truly indebted to Plaintiffs individually and a class of similarly situated persons for such monies owed for past unpaid wages, damages, penalties and attorneys fees as are reasonable in the premises, together with interest thereon from date of judicial demand until paid, and for all costs of this proceeding, for the following reasons.

### INTRODUCTION

2.

This is a collective action brought by Plaintiffs, **Troy Gloston-Phelps, Michael Warrens**

9

and Alfred Williams (hereinafter "Plaintiffs"), on behalf of himself and all individuals who worked for LaFourche Parish Work Release ("LPWR") **Craig Webre, individually and in his capacity as Sheriff and Ex-Officio Tax Collector for the Parish of LaFourche** (hereinafter "Defendant") as welder and crane operation and tractor operators and general laborer personnel during the relevant time period. This action comprises of all persons who, during the relevant time period, worked for Defendants (later referred to as the "Plaintiff Class"). Specifically, Plaintiffs allege Defendant failed to pay Troy Gloston-Phelps, Michael Warrens and Alfred Williams, and the Plaintiff Class, full hourly wages pursuant to the requirements of the contracts signed by them and as per La. R.S. 23:631 Act of 1938, 29 U.S.C. § 201, *et seq.,* and the federal regulations enacted thereunder . Specifically, Plaintiffs alleges Defendant violated 29 U.S.C. § 207(a) and 29 C.F.R. § 778.104, the "168 hour requirement," by averaging his overtime hours over the course of two (2) weeks. As a result, LPWR failed to pay Plaintiffs, and the Plaintiff Class, overtime as required under federal law. Plaintiffs bring this collective action seeking injunctive relief, damages, backpay, restitution, liquidated damages, civil penalties, prejudgment interest, and any other relief that the Court deems just and reasonable under the circumstances.

3.

Jurisdiction is conferred on this court by 42 U.S.C. § 201, *et. seq.* , and by 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 42 U.S.C § 1983.

4.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that the claim arose in the Eastern District of Louisiana, because Defendant conducts business in the Eastern District of Louisiana and Plaintiffs were employed in the Eastern District of Louisiana.

## PARTIES

5.

Plaintiffs, **Troy Gloston-Phelps, Michael Warrens and Alfred Williams,** are persons of the age of majority. At all relevant times Plaintiffs were residents in the State of Louisiana. At all relevant times, Plaintiffs were employees of Defendant, as defined in 29 U.S.C. § 201 *et seq.,* working as laborers for Defendant at Lafourche Sugars, 141 Leighton Quarters Rd., Thibodaux, Louisiana (the "Facility"), from approximately October 2016 to April 2017.

6.

Defendant, **Craig Webre, is and, individually and in his capacity as Sheriff and Ex-Officio Tax Collector for the Parish of LaFourche,** is a political subdivision of the state of Louisiana whose activities, among other duties, is running a staffing agency that in turn provides laborers to the LaFourche Sugar Mill located in LaFourche Parish. Upon information and belief, the Facility is a "halfway house" owned by the LaFourche Parish Sheriff's Office. The Facility has a capacity of 172 beds and typically houses approximately 160 LaFourche Parish "offenders." Most of these offenders qualify for "work release" and live within the Facility while they are employed in various off-site positions at various outside companies. Others are "trustees" approved to work at the Sugar Mill and live within the work release facility.

7.

The Sheriff "Director" of LPWR is _____. The "Assistant Director" of LPWR is _____

8.

At all relevant times, Plaintiff was and remains an enterprise engaged in commerce as

9

defined in 29 U.S.C. ¤¤ 203(r) and 203(s). Plaintiff constitutes an enterprise within the meaning of 29 U.S.C. § 203(r)(1), because it performs related activities through common control for a common business purpose. Furthermore, Plaintiff is considered an "employer" within the meaning of 29 U.S.C. § 203(e).

9.

At all times material hereto, Troy Gloston-Phelps, Michael Warrens and Alfred Williams and the Plaintiff Class were employed by Defendant which was engaged in commerce within the meaning of 29 U.S.C. ¤¤ 206(a) and 207(a).

## FACTS

10.

At all times material hereto, Troy Gloston-Phelps, Michael Warrens and Alfred Williams and each member of the Plaintiff Class, defined below, were employees of Defendant, under the laws of Louisiana and the USA. Upon information and belief, during the relevant time periods, every employee has worked as a laborer for Defendant without being paid and have had more than the contracted for statutory maximum deducted from their pay check.

11.

At all times material hereto, the employment terms, conditions, and policies that applied to Troy Gloston-Phelps, Michael Warrens and Alfred Williams were the same as those applied to the other members of the Plaintiff Class.

12.

Throughout the relevant time, Defendant's policies and procedures regarding the calculation of contracted laborer, including Troy Gloston-Phelps, Michael Warrens and Alfred Williams, were the same.

13.

Troy Gloston-Phelps, Michael Warrens and Alfred Williams' injuries were caused by Defendant's application of this wrongful common policy in the same manner as they were applied to any absent class members.

14.

As a matter of common business policy, Defendant miscalculated Troy Gloston-Phelps, Michael Warrens and Alfred Williams and the Plaintiff Class's overtime and/or deducted more than the statutory minimum. Defendant's miscalculation was not due to any unique fact related Troy Gloston-Phelps, or Michael Warrens and/or Alfred Williams' employment or relationship with Defendant. As a result of this miscalculation, Troy Gloston-Phelps, Michael Warrens and Alfred Williams and the Plaintiff class were not paid overtime as required under the FLSA and were subject to a payroll deduction that was more than the statutory minimum.

15.

Defendant's miscalculation of Troy Gloston-Phelps, Michael Warrens and Alfred Williams and the Plaintiff Class's overtime and deductions was designed to deny members of the Plaintiff Class their fundamental pay and rights as employees to receive overtime pay, and was done solely to enhance the Defendant's share of claimants' earnings.

16.

Troy Gloston-Phelps, Michael Warrens and Alfred Williams have worked at the Sugar Mill from approximately October 2017 to April 2017. Other members of the Plaintiff Class have, upon information and belief, worked at Defendant's for much longer periods of time.

17.

Upon information and belief, all of Defendant's actions were willful and not the result of

9

mistake or inadvertence because the mistake was brought to Defendant's attention on more than one occasion in writing. Defendant was aware that the FLSA applied to its operation of at the Facility at all relevant times and was also bound by relevant La. statutes. Defendant was aware of other cases and enforcement actions relating to wage and hour violations where employers miscalculated employee's overtime by "averaging" time worked in excess of forty (40) hours over two (2) weeks. Despite being on notice of violations, Defendant chose to continue to miscalculate and over withhold payment of wages earned by Troy Gloston-Phelps, Michael Warrens and Alfred Williams and the Plaintiff Class in effort to enhance its profits. Troy Gloston-Phelps, Michael Warrens and Alfred Williams brought said violations to the attention of Defendant, but was told the deductions were correct and further, that the overtime provisions of the FLSA did not apply.

18.

In the event Defendant's actions were not willful, Troy Gloston-Phelps, Michael Warrens and Alfred Williams allege in the alternative that Defendant's actions were negligent.

19.

Troy Gloston-Phelps, Michael Warrens and Alfred Williams and all members of the Plaintiff Class have suffered injury, incurred damage, and financial loss as a result of Defendant's conduct complained of herein.

## CLASS ALLEGATIONS

20.

Troy Gloston-Phelps, Michael Warrens and Alfred Williams bring this action individually and as a collective action pursuant to 29 U.S.C. § 216(b). All requirements of 29 U.S.C. § 216(b) are satisfied.

21.

The opt-in Class to be certified is defined as follows:

All individuals, who at any time during the relevant period, worked for Defendant as laborers personnel at the work release program located at Lafourche Sugars, 141 Leighton Quarters Rd., Thibodaux, Louisiana (and who are referred to as the "Plaintiff Class").

22.

The relevant period for the purposes of notice to potential class members dates back at least three (3) years from the date on which this Complaint was filed and continues forward through the date of judgment. In the event the Court finds that Defendant's actions were not willful, then the relevant time period for the so notified class is three (3) years from the date on which this Complaint was filed under La. State Wage law and continues forward through the date of judgment.

23.

The individuals in the Plaintiff Class are so numerous that joinder of all members is impracticable. Although the precise number of such individuals is currently unknown, Claimants believe that the number of individuals who have worked as laborers at LPWR during the relevant time period but not paid any minimum wages exceeds 300 individuals.

24.

There are questions of law and fact common to the Plaintiff Class that makes the Plaintiff Class members similarly situated, including, but not limited to:

a. Whether Defendant violated the FLSA by failing to pay members of the Plaintiff's Class overtime pay as set forth and required by the FLSA;

b. if Defendant violated the FLSA, the amount of damages and other relief (including all

9

applicable civil penalties, liquidated damages, and attorneys' fees) Plaintiffs and the Plaintiff Class are entitled to;

c. whether Defendant violated La. R.S. 23:631 when it deducted more that the statutory maximum from Plaintiffs' pay checks; and

d. whether Defendant should be permanently enjoined from continuing to refuse to pay overtime as set forth and required by the FLSA to the Plaintiff Class.

25.

Troy Gloston-Phelps, Michael Warrens and Alfred Williams' claims are typical to those of the Plaintiff Class. Troy Gloston-Phelps, Michael Warrens and Alfred Williams, like other members of the Plaintiff Class, was not paid overtime as set forth and required by the FLSA. The underpayment of Troy Gloston-Phelps, Michael Warrens and Alfred Williams was done pursuant to a common business practice that affected all class members in a similar way. Troy Gloston-Phelps, Michael Warrens and Alfred Williams challenges Defendant's business practices under legal theories common to all members of the Plaintiff Class.

26.

Troy Gloston-Phelps, Michael Warrens and Alfred Williams and the undersigned counsel are adequate representatives of the Plaintiff Class. Troy Gloston-Phelps, Michael Warrens and Alfred Williams are members of the Plaintiff Class. Given Troy Gloston-Phelps, Michael Warrens and Alfred Williams' losses, they have an incentive to represent the Plaintiff Class and is committed to the prosecution of this action for the benefit of the Plaintiff Class. Troy Gloston-Phelps, Michael Warrens and Alfred Williams have no interest that are antagonistic to those of the Plaintiff Class nor that would cause him to act adversely to the best interests of the Plaintiff Class. Troy Gloston-Phelps, Michael Warrens and Alfred Williams have retained counsel

experienced in class action litigation, including wage and hour disputes.

27.

Prosecution of separate actions by individual members of the Plaintiff Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Plaintiff Class, which would establish incompatible standards of conduct for Defendant.

28.

Defendant has acted or refused to act on grounds that apply generally to the Plaintiff Class, so that final injunctive relief or corresponding declaratory relief is appropriate for all members of the Plaintiff Class that choose to opt into the collective action. The challenged practices are ongoing and Defendant continues to refuse to comply with the law.

29.

Questions of law and fact common to the Plaintiff Class predominate over any questions affecting only individual members of the Plaintiff Class. A collective action is superior to other methods for the fair and equitable adjudication of this action.

**CLAIM FOR RELIEF:**

**VIOLATION OF THE FLSA and La. R.S. 23:631**

30.

Troy Gloston-Phelps, Michael Warrens and Alfred Williams and the members of the Plaintiff Class repeat, reiterate, and re-allege each and every allegation hereinabove, as applicable, with the same force and effect as though the same was herein set forth at length.

31.

Defendant failed to pay class members the statutory minimum overtime wages set forth in 29 U.S.C. § 207(a).

32.

Defendant failed to pay Troy Gloston-Phelps, Michael Warrens and Alfred Williams and all other members of the Plaintiff Class minimum overtime wages throughout the relevant time period because it miscalculated overtime pay by averaging the same over the course of two (2) weeks in violation of 29 C.F.R. § 778.104.

33.

Based on the foregoing, Troy Gloston-Phelps, Michael Warrens and Alfred Williams and all members of the Plaintiff Class are entitled to the full statutory overtime wages set forth in 29 U.S.C. § 207 for all periods in which they worked at Defendant.

34.

Additionally, at no time did Defendant inform nor otherwise give statutory notice to Troy Gloston-Phelps, Michael Warrens and Alfred Williams or other members of the Plaintiff Class of the FLSA overtime provisions to its employees.

35.

Based on the foregoing, Troy Gloston-Phelps, Michael Warrens and Alfred Williams seeks on behalf of theirselves, and all members of the Plaintiff Class, unpaid overtime wages at the required legal rate, liquidated damages, prejudgment interest, attorney's fees and costs and all other costs and penalties allowed by law. Further, Plaintiff seeks injunctive relief to compel Defendant to provide all payments guaranteed by law and for this Court's continuing jurisdiction to enforce compliance.

WHEREFORE, Plaintiffs, Troy Gloston-Phelps, Michael Warrens and Alfred Williams, pray that:

I. Defendant be duly cited to appear and answer this complaint and it be served with a copy

thereof.

II. Defendant be required to furnish names and addresses of potential Plaintiff Class members.

III. Defendant be required to send potential Plaintiff Class members "opt-in" notices.

IV. After due proceedings are had and the lapse of all delays, there be judgment herein in favor of Plaintiffs, Troy Gloston-Phelps, Michael Warrens and Alfred Williams, and the Plaintiff Class against Defendant, Craig Webre, individually and in his capacity as Sheriff and Ex-Officio Tax Collector for the Parish of LaFourche, for such damages, back pay, liquidated damages, civil penalties, and attorneys' fees as are reasonable in the premises, together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings.

V. Defendant, their agents, employees and successors, and all other persons in active concert or participation with them, be enjoined from:

   a. Failing to pay members of the Plaintiff Class overtime wages as required under the LSA; and

   b. Failing to inform or otherwise give statutory notice to the Plaintiff Class of the FLSA's overtime provisions.

VI. Plaintiffs FURTHER PRAY for all orders and decrees necessary in the premises, and for all full, general, and equitable relief to which they and all members of the Plaintiff Class are entitled.

Respectfully submitted:

_____
PAUL A. LEA, JR., La. Bar #18637
724 E. Boston Street
Covington, LA 70433-2910
Telephone:  (985) 292-2300
Telecopy:    (985) 249-6006
**ATTORNEY FOR PLAINTIFFS**

**PLEASE SERVE BY ISSUE OF SUMMONS:**

**Craig Webre, individually and
In his capacity as Sheriff and
Ex-Officio Tax Collector
for the Parish of LaFourche
200 Canal Blvd.
Thibodeaux, LA   70301**